IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TIMOTHY GOODALE,

          **Plaintiff,**

v.                                        1:15-cv-1845-WSD

OLEN PROPERTIES
CORPORATION,

          **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Defendant Olen Properties Corporation's ("Defendant") Motion for Sanctions against Plaintiff under Federal Rule of Civil Procedure 11 [31] ("Motion for Sanctions").[1]

### I.   BACKGROUND

A.   Facts

Plaintiff Timothy Goodale ("Plaintiff") has, since 2013, been a tenant in The Reserve at West Paces apartment complex ("The Reserve"). (Compl. ¶¶ 4, 6;

---

[1] On January 27, 2016, Defendant filed its Motion to Amend Brief in Support of Defendant's Motion for Sanctions against Plaintiff under Federal Rule of Civil Procedure 11 [32] ("Motion to Amend"). In it, Defendant seeks to amend its Motion for Sanctions [31] brief to include the certification required by Local Rule 7.1(D). See LR 7.1(D), NDGa. Defendant's Motion to Amend is unopposed and it is granted.

Motion for Sanctions, Ex. H at 2).  Defendant has owned and operated The Reserve since December 5, 2014.  (Plaintiff's Response to Defendant's Motion for Rule 11 Sanctions [34] ("Response"), Ex. 2 ¶¶ 10-11).  On December 11, 2014, "the main elevator that [Plaintiff] typically used to access his fourth floor apartment did not respond to pushing the 'up' button," forcing him to use the stairs.  (Compl. ¶¶ 7-8).  According to Plaintiff, "[a]s [he] stepped from the ground floor onto the first step, he slipped and fell on a liquid substance that he believes to be water."  (Compl. ¶ 9).  Plaintiff allegedly suffered serious injuries, including a broken back.  (Compl. ¶¶ 3, 10).  Plaintiff claimed that, at the time of his fall, there were no "caution" or "wet floor" signs, or other warnings, in or around the stairwell.  (Compl. ¶ 11).  Plaintiff asserted that Defendant knew or should have known that "water frequently accumulated in the stairwell due to leaking pipes, resulting in slippery and dangerous conditions."  (Compl. ¶ 2).

On the day of his alleged fall, Plaintiff was seen by a doctor in the Emergency Room of Piedmont Atlanta Hospital.  The doctor's notes state that Plaintiff "presents with acute onset of 2 episodes of syncope (one yesterday and another 5 hours ago) that have resolved. . . . [Plaintiff] notes that when he had a syncopal episode yesterday night, he hit his lower back, which is currently in pain."  (Motion for Sanctions, Ex. C at 3).  The doctor further noted that Plaintiff

was "Negative" for neck pain, back pain, chest pain, and all other symptoms with the exceptions of "dizziness" and "syncope."  (Id. at 3-4, 9).  The notes do not state that Plaintiff slipped or fell in a stairwell.

On January 7, 2015, Plaintiff was seen by a doctor at Resurgens Orthopaedics.  Plaintiff told the doctor that he "had twisted, felt a pop in his back and had severe pain and believes he may have blacked out, landing on the ground."  (Motion for Sanctions, Ex. D at 1).  Plaintiff said that he "was taken to the emergency room for a full workup, which was negative."  (Id.).  Plaintiff characterized the intensity of his pain as, at its worst, ten (10) out of ten (10).  (Motion for Sanctions, Ex. D).  The doctor's notes state that Plaintiff "fell against [a] wall" but do not mention a stairwell.  (Id.).  Although the doctor found that Plaintiff's injuries "lack[ed] . . . significant trauma," an X-ray revealed "a 75% compression fracture," which "warrant[ed] an urgent MRI."  (Motion for Sanctions, Ex. D at 1).

On January 8, 2015, about one (1) month after his alleged fall, Plaintiff told The Reserve management of "an incident he had slipping on the stairs in his building. . . . over a month ago."  (Motion for Sanctions, Ex. A at 1).  On January 14, 2015, he again called management and spoke "about wanting the stairs cleaned due to him slipping a long time ago before [Defendant] took over [The

3

Reserve]." (Id.). On January 21, 2015, Plaintiff appears to have had back surgery. (Motion for Sanctions, Ex. E). He was discharged on January 25, 2016, but required physical therapy and equipment to help him walk. (Id.).

On January 30, 2015, Plaintiff spoke by telephone with the Regional Manager of Defendant's properties in Georgia. He told the Regional Manager that, on December 11, 2014, he "fell on the stairs" at The Reserve, that he was forced to take the stairs that day because the elevator was occupied by movers, that the stairs were not "fixed correctly," and that he suffered serious injuries, including a broken back, as a result of his fall. (Motion for Sanctions, Ex. B).

On March 6, 2015, Plaintiff told a doctor at Resurgens Orthopaedics that "he fell on his stair case and had bad pain" before going to the Emergency Room on December 11, 2014. (Motion for Sanctions, Ex. F).

B.   Procedural History

On April 13, 2015, Plaintiff filed his Complaint [3] in the State Court of Fulton County. In it, he asserted a negligence claim against Defendant. On May 26, 2015, Defendant removed [3] the case to this Court.[2] The parties filed their initial disclosures in late June, 2015, and conducted discovery thereafter. On

---

[2]   Docket entry 3 includes both Defendant's Amended Notice of Removal and Plaintiff's Complaint.

November 24, 2015, before the scheduled discovery period had concluded, the parties voluntarily dismissed [29] the case pursuant to Rule 41 of the Federal Rules of Civil Procedure.

On January 26, 2016, Defendant filed its Motion for Sanctions, seeking sanctions against Plaintiff under Rule 11 of the Federal Rules of Civil Procedure ("Rule 11").  Defendant argues that Plaintiff's factual contentions lack evidentiary support, including because, on the day of his alleged fall, Plaintiff told his doctor "that he had suffered a syncopal episode, making no mention of a slip-and-fall." (Motion for Sanctions at 15).  According to Defendant, Plaintiff later gave "shifting and conflicting reports of the circumstances surrounding the alleged fall," and "[i]t was not until March 2015 . . . that he began making statements to his medical providers consistent with the allegations in his Complaint."  (Id.).

On February 7, 2016, Plaintiff filed its Response, arguing that the Motion for Sanctions is "both procedurally and substantively improper." (Response at 1). According to Plaintiff, the motion is procedurally improper because "it targets pleadings that cannot be sanctioned under Rule 11, it ignores the safe harbor provisions of Rule 11, and it seeks a remedy that Rule 11 cannot provide." (Id.). Plaintiff asserts that the Motion for Sanctions is substantively improper because "it rests on Defendant's one-sided version of a disputed, undeveloped record." (Id.).

On February 22, 2016, Defendant filed its Reply in Support of Defendant's Motion for Sanctions against Plaintiff under Federal Rule of Civil Procedure 11 [35].

## II.   DISCUSSION

### A.   Legal Standard

The Court may sanction an attorney or party that violates Rule 11, which provides as follows:

> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." Davis v. Carl, 906 F.2d 533, 538 (11th Cir. 1990). "When a court is confronted with a motion for sanctions under Rule 11 . . . , it must first determine whether the party's claim is objectively frivolous, in view of the law or facts, and then, if it is, whether the person signing the document should have been aware that it was frivolous." In re Mroz, 65 F.3d 1567, 1573 (11th Cir. 1995).

"A factual claim is frivolous if no reasonably competent attorney could conclude that it has a reasonable evidentiary basis.  Thus, where no evidence or only patently frivolous evidence is offered to support factual contentions, sanctions can be imposed." Lawson v. Sec'y, Dep't of Corr., 563 F. App'x 678, 680 (11th Cir. 2014) (per curiam) (quoting Thompson v. RelationServe Media, Inc., 610 F.3d 628, 665 (11th Cir. 2010)).  "Where the evidence, although 'weak or self-serving,' is reasonable, sanctions cannot be imposed." Id. (quoting Thompson v. RelationServe Media, Inc., 610 F.3d 628, 665 (11th Cir. 2010)); see Lawson, 563 F. App'x at 681 ("The fact that [a plaintiff] has provided *some* evidence [of his factual contentions] is sufficient to establish that Rule 11 sanctions are inappropriate.").

If the court concludes that the factual contentions are frivolous, the question becomes "whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would have been aware had he made a reasonable inquiry." Worldwide Primates, Inc. v. McGreal, 87 F.3d 1252, 1254 (11th Cir. 1996) (citing Jones v. International Riding Helmets, Ltd., 49 F.3d 692, 694 (11th Cir. 1995)). "If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound." Id. (citing Jones v. International Riding Helmets, Ltd., 49 F.3d 692, 694 (11th Cir. 1995)). The reasonableness of the attorney's inquiry turns on the totality of the circumstances, including, for example, the time available for investigation and whether the attorney had to rely on the client, another member of the bar, or others. Id.

B. <u>Analysis</u>

Plaintiff alleged that, on December 11, 2014, he slipped and fell in a stairwell in The Reserve. He allegedly suffered "severe and permanent injuries, including a broken back." (Compl. ¶ 3). According to Plaintiff, he fell because Defendant did not keep the stairwell in a safe condition. Plaintiff asserted a negligence claim under Georgia law.

The following evidence arguably supports Plaintiff's claim:

- Plaintiff testified that "on December 11, 2014, the main elevator that Plaintiff Goodale used to access his fourth floor apartment did not respond to pushing the 'up' button.  The next reasonable route of access from the parking deck to his apartment was through a stairwell and up four flights of stairs.  As Plaintiff approached the stairwell, there were no 'caution' signs, 'wet floor' signs, or other warnings up in the area of the fall to warn Plaintiff Goodale and others of the dangerous condition in the stairwell.  As Plaintiff Goodale stepped from the ground floor onto the first step, he slipped and fell on a liquid substance that he believes to be water."  (Response at 10).

- Defendant admitted that it owned and operated The Reserve, that Plaintiff was a tenant and invitee at the property, and that Defendant was aware that "[w]hen there was precipitation[,] water could naturally accumulate in the externally exposed stairwell" where Plaintiff allegedly slipped.  (Response, Ex. 2 ¶¶ 10-17).

- On January 7, 2015, Plaintiff visited a doctor, complaining of back discomfort.  (Motion for Sanctions, Ex. D).  According to the doctor's notes, Plaintiff "fell against [a] wall" on December 11, 2014.  (Id.)  Plaintiff characterized the intensity of his pain as, at its worst, ten (10) out of ten (10).  (Id.).  The orthopedist's notes also include the following statements:  "The patient had twisted, felt a pop in his back, and had severe pain and believes he may have blacked out, landing on the ground.  He was taken to the emergency room for a full workup, which was negative.  He has had persistent discomfort about his upper back . . . .  X-rays of the thoracolumbar spine performed today and reviewed by me reveal a 75% compression fracture of L1.  ASSESS/PLAN:  L1 fracture, questionable burst fracture versus compression fracture.  The patient will warrant an urgent MRI."  (Id.).

- On January 8, 2015, about one (1) month after his fall, Plaintiff told The Reserve management about "an incident he had slipping on the stairs in his building. . . . over a month ago."  (Motion for Sanctions, Ex. A at 1).  This reasonably could refer to the fall at issue in this litigation.

9

- On January 14, 2015, Plaintiff spoke to The Reserve management "about wanting the stairs cleaned due to him slipping a long time ago before [Defendant] took over [The Reserve]." (Motion for Sanctions, Ex. A at 1). This could reasonably refer to the fall at issue in this litigation. Defendant acquired ownership of The Reserve only six (6) days before the fall, and Plaintiff could have been inexact about the event or confused about the dates.

- On January 21, 2015, Plaintiff appears to have had back surgery. (Motion for Sanctions, Exs. B, E). He was discharged on January 25, 2016, but required physical therapy and equipment to help him walk. (Motion for Sanctions, Ex. E).

- On January 30, 2015, Plaintiff spoke by telephone with the Regional Manager of Defendant's properties in Georgia. According to the Regional Manager's report, Plaintiff told her that "he fell on the stairs of [The Reserve] . . . on December 11, 201[4]. He said he used the stairs b/c someone was using the elevator to move . . . . He claimed that the stairs were not fixed correctly. [Plaintiff] said that he fractured the L1 vertebra and had shattered his spinal cord and that on January 21, 2015 had to have emergency surgery to have screws and pins placed in his back." (Motion for Sanctions, Ex. B).

- On March 6, 2015, Plaintiff told a medical provider that "he fell on his stair case and had bad pain" before going to the Emergency Room on December 11, 2014. (Motion for Sanctions, Ex. F).

Defendant identifies deficiencies in this evidence and argues that it undermines, rather than supports, Plaintiff's claim. Defendant also cites other evidence, including the medical notes from Plaintiff's visit to the Emergency Room on December 11, 2014, that casts doubt on the merits of Plaintiff's claim.

The Court finds that, although some of Plaintiff's evidence is "weak or self-serving," it is not "patently frivolous." Lawson, 563 F. App'x at 680 (quoting

10

Thompson v. RelationServe Media, Inc., 610 F.3d 628, 665 (11th Cir. 2010)). A "reasonably competent attorney could conclude that [Plaintiff's claim] has a reasonable evidentiary basis." Id. (quoting Thompson v. RelationServe Media, Inc., 610 F.3d 628, 665 (11th Cir. 2010)).

The "dispositive issue" is not whether Plaintiff's claim would have succeeded. Lawson, 563 F. App'x at 681. "Rather, it is whether [Plaintiff] has provided *any* evidence supporting his claim[]. He has. The fact that [Plaintiff] has provided *some* evidence [in support of his claim] is sufficient to establish that Rule 11 sanctions are inappropriate in this situation." Id. (citation omitted); see Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH, 141 F.3d 1434, 1448 (11th Cir. 1998) ("In order for sanctions to be appropriate, . . . the filing for which sanctions are imposed must be frivolous, that is, it must enjoy no factual and legal support in the record."); In re Mroz, 65 F.3d 1567, 1573 (11th Cir. 1995) ("A complaint is factually groundless and merits sanctions where the plaintiff has absolutely no evidence to support its allegations."); Davis, 906 F.2d at 538 ("Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims,

coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment.").[3]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant's Motion to Amend Brief in Support of Defendant's Motion for Sanctions against Plaintiff under Federal Rule of Civil Procedure 11 [32] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Sanctions against Plaintiff under Federal Rule of Civil Procedure 11 [31] is **DENIED**.

**SO ORDERED** this 16th day of May, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff's Response argues that Defendant's Motion for Sanctions should be denied because it is "procedurally improper." (Response at 1). That argument is moot because the Court denies Defendant's motion on other grounds.